COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Hodges
Argued at Alexandria, Virginia


TIMOTHY LEE BUMBREY

                                   MEMORANDUM OPINION[*] BY
v.    Record No. 2273-00-4         JUDGE WILLIAM H. HODGES
                                        OCTOBER 23, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                W. Park Lemmond, Jr., Judge Designate

          Andrea C. Long (Charles C. Cosby, Jr.; Boone,
          Beale, Cosby & Long, on brief), for
          appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Timothy Lee Bumbrey, appellant, appeals his felony

convictions for grand larceny, robbery, burglary, and unlawful

wounding.  This appeal presents two issues for review:  (1)

whether the Commonwealth sufficiently proved the items stolen

pursuant to the larceny were valued at more than two hundred

dollars; and (2) whether the trial court erred in refusing to

instruct the jury on the abolition of parole.  The Commonwealth

concedes that the jury was not adequately instructed on the

unavailability of parole.  We hold, further, that the

Commonwealth did not meet its burden in proving the value of the

--------

        [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

property taken in commission of the larceny.  Therefore, the judgment of the trial court is reversed and remanded.

## BACKGROUND

Appellant stood trial on charges of robbery, grand larceny, burglary, malicious wounding, credit card theft, and several sex offenses.  The robbery indictment specified the taking of "currency, jewelry, electronic equipment and other personal property."  The grand larceny indictment specified the taking of "jewelry, electronic equipment, money and other personal property."  The jury convicted appellant of robbery, grand larceny, burglary and unlawful wounding.

The Commonwealth's attorney questioned the homeowner concerning the events surrounding the taking of her wallet.  He then examined her about the various sex offenses committed against her.  Finally, the Commonwealth's attorney addressed the circumstances surrounding the taking of other personal belongings from her home.  The Commonwealth's attorney asked her to identify the additional items, which were not in her wallet, and their location in the home.  At that point, in his direct examination, the Commonwealth's attorney asked her, "Was the value of <u>all</u> the items that were taken from you more than two hundred dollars?"  (Emphasis added.)  She testified affirmatively that the value was significantly more than two hundred dollars.

Before the sentencing phase of the trial, appellant asked the trial court to instruct the jury that he was not eligible for parole. The trial court refused the proffered instruction.

## ANALYSIS

### Value of stolen property

The Commonwealth's evidence did not establish the value of the property taken by larceny. Although the Commonwealth posed its question after concluding the examination pertaining to the wallet and sex offenses, the pertinent question asked about "all" the property and its value. The homeowner could have interpreted the word "all" to encompass every item taken from her possession, whether by robbery or larceny. The record does not clearly suggest that she understood the word "all" to be limited to those items taken by larceny. With such ambiguity, the Commonwealth did not meet its burden in proving the value of the property taken by larceny was greater than two hundred dollars. Accordingly, we reverse the grand larceny conviction and remand for sentencing on petit larceny.

### Instruction on abolition of parole

The Commonwealth concedes that appellant is entitled to a new sentencing hearing based on Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 626 (2000). "[J]uries shall be instructed, as a matter of law, on the abolition of parole for non-capital felony offenses . . . ." Id. at 115, 532 S.E.2d at 634. "Under this new rule, the task of the trial courts will require only

- 3 -

that instructions with regard to the abolition of parole be tailored to the facts of the particular case."  Id. at 116, 532 S.E.2d at 634.  Accordingly, appellant is entitled to a new sentencing hearing.

For the above stated reasons, the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.